Eugene J. Egan, Esq. (SBN130108)
AnneMarie McDowell, Esq. (SBN 229349)
MANNING & KASS,
ELLROD, RAMIREZ, TRESTER LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIANA POZEGA-WALKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a business entity, form unknown, and DOES 1 TO 100, Inclusive,<br><br>Defendants. | USDC CASE NO. CV11-02487 JFW (RZx)<br><br>State Case No. MC022345<br><br>**[PROPOSED]** ORDER RE **STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: 2/16/11<br>Trial: 2/7/12 |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

IT IS HEREBY ORDERED, by the undersigned Judge of the District Court of the Central District of California, under the terms of the stipulation executed by the attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitutes or contains trade secrets or other confidential research, development or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1. This Order is meant to encompass all forms of disclosure which may

contain Confidential Material, including all documents, pleadings, motions, exhibits, declarations, affidavits, deposition transcripts, inspection reports, and all other tangible items (electronic media, photographs, videocassettes, etc.)  For purposes of this Stipulated Protective Order Confidential Material is specifically defined as follows:

    *1.    Team Member Handbook eff. 2008/Jan. to Present (Executive);*

    *2.    Team Member Handbook ("Welcome to Team Target") eff. 2008/Jan. to Present (Hourly);*

    *3.    Spill Clean Up Procedures eff. May 2003 to Present;*

    *4.    New Team Member Orientation Script #679887 and DVD eff. 02/2008 to Present;*

    *5.    Floor Brand Maintenance Guide #668999 eff. 02/2008 to Present;*

    *6.    Cart Attendant Training DVD eff. 03/2007 to Present;*

    *7.    Guest Incident Investigation Kit.*

    2.    The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials ("Confidential").  If any material has multiple pages, this designation need only be placed on the first page of such material.  Any material designated as "Confidential" shall not be disclosed to any person or entity except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

    3.    Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

    4.    Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order.  The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a

Confidentiality Agreement.

///

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

///

///

///

*///*

*///*

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

~~9. With respect to any communications to the Court, including any pleadings, motions or other papers, all documents containing Confidential Material shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." All communications shall indicate clearly which portions are designated to be "Confidential." Any communications containing Confidential Material shall be returned to the submitting party upon termination of this Lawsuit (whether by dismissal or final judgment.)~~

~~10. The Clerk of the Court is directed to maintain all communications received by the Court pursuant to paragraph 9 above under seal. All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the following statement: "Enclosed are confidential materials filed in this case pursuant to a Protective Order entered by the Court, and the contents shall not be examined except pursuant to further order of the Court."~~

Any matters filed under seal shall be filed in accordance with the Local Rules.

*///*

11. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

12. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

13. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

16. Within thirty days after the termination of this Lawsuit (whether by

-5-
O:\RZ\ECF Ready\POZEGA-WALKER CV11-2487 Prop Prot Ord.wpd
[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

dismissal of final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

17. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

This Protective Order shall not apply as to dispositive motions or at trial. If a party seeks protection in connection with those proceedings, a separate application must be made to the judicial officer who will preside over those proceedings, justifying the protection under the standards applicable at the time. *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

**IT IS ORDERED.**

DATED: May 13, 2011

_____
**JUDGE OF UNITED STATES DISTRICT COURT**

-6-
O:\RZ\ECF Ready\POZEGA-WALKER CV11-2487 Prop Prot Ord.wpd
[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

# STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On May 9, 2011, I electronically served the document described as **[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER** on the interested parties in this action by electronically filing this document as required by the court in its Electronic Case Filing (ECF) Program:

Koorosh K. Shahrokh, Esq.
The Law Offices of Koorosh K. Shahrokh
6345 Balboa Bl., Building 2, Suite 232
Encino, CA 91316
1999- 35928
**Attorney for Plaintiff Miriana Pozega-Walker**

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER)**: I placed the above-referenced document(s) in (an) envelope(s) designated by the express service carrier (UPS) for overnight delivery, addressed as indicated above. I delivered said UPS envelope to the personnel of our mail room. I am "readily familiar" with the firm's practice of collecting and processing documents intended for UPS overnight delivery. Under that practice, after the document is delivered to the firm's mail room, it is deposited that same day, with delivery fees provided for, in a box or other facility regularly maintained by the express service carrier or is delivered to an authorized courier or driver authorized by the express service carrier to receive documents, for overnight delivery.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on May 9, 2011, at Los Angeles, California.

_____
Brenda Leonardo

-7-                                                O:\RZ\ECF Ready\POZEGA-WALKER CV11-2487 Prop Prot Ord.wpd
[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER